**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ADAM BROS. PRODUCE SALES, INC.<br>P.O. Box 5987<br>Santa Maria, CA 93456<br><br>Plaintiff,<br><br>v.<br><br>THE ALPHAS COMPANY, INC.<br>87-89 New England Produce Center<br>Chelsea, MA 02150<br><br>and<br><br>PETER S. ALPHAS<br>87-89 New England Produce Center<br>Chelsea, MA 02150<br><br>Individually and in his corporate capacity<br><br>and<br><br>JOHN S. ALPHAS<br>87-89 New England Produce Center<br>Chelsea, MA 02150<br><br>Individually and in his corporate capacity<br><br>Defendants. | ) | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT** |

Plaintiff Adam Bros. Produce Sales, Inc. ("Plaintiff") brings this civil action against Defendants The Alphas Company, Inc. ("Alphas Company"), Peter S. Alphas and John S. Alphas, individually and in their corporate capacity ( "Individual Defendants") (Defendant Alphas Company and the Individual Defendants are collectively referred to as "Defendants"), for damages and alleges as follows:

## I. JURISDICTION

1. Jurisdiction is vested in this Court pursuant to the Perishable Agricultural Commodities Act, specifically 7 U.S.C. §499(e)(b)(2) and 7 U.S.C. §499e(c)(5)(i).

2. Jurisdiction is also vested in this Court in that all corporate parties regularly conduct business within the District of Massachusetts, and the amount in controversy exceeds $75,000.00.

## II. VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. §1391 in that the transactions which are the subject of this action occurred within this district and in that the Defendants are domiciled in this district.

## III. PARTIES

4. Plaintiff is a Santa Maria, California based corporation engaged in the business of selling wholesale quantities of perishable agricultural commodities nationwide through interstate commerce. At all times relevant herein, Plaintiff held federal produce license number 19971108 from the U.S. Department of Agriculture/PACA Branch in good and active standing.

5. Defendant Alphas Company is a Massachusetts corporation with its principal place of business in Chelsea, Massachusetts. Defendant Alphas Company was, at all times relevant herein, acting as a dealer and commission merchant of perishable agricultural commodities in Massachusetts, and as such is subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a, *et seq.*, ("PACA"). Alphas Company currently holds PACA license number 20000068 in good and active standing.

6. Individual Defendants are or were officers, directors and/or shareholders of Defendant Alphas Company during the relevant time period. The Individual Defendants are or were

persons in control of, and responsible for, the disposition of Defendant Alphas Company's assets, including its PACA trust assets. The Individual Defendants are charged with a fiduciary duty to maintain the PACA trust for Plaintiff's benefit.

## IV. CLAIMS FOR RELIEF

### COUNT I

### THE ALPHAS COMPANY, INC.

### (Failure to Maintain Trust)

7. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

8. At Defendant Alphas Company's request, Plaintiff sold, on credit, to Defendant Alphas Company perishable agricultural commodities, as set forth in the following table:

| Plaintiff | Dates of Transactions | Commodities Sold | Total Amount Sold | Amount [1] Unpaid |
|---|---|---|---|---|
| Adam Bros. | 16-Apr-10 to 24-May-10 | Fresh Produce | $94,907.40 | $94,907.40 |

9. Plaintiff duly delivered the perishable agricultural commodities to Defendant Alphas Company.

10. Defendant Alphas Company received and accepted the perishable agricultural commodities from Plaintiff.

11. Pursuant to the payment terms between the parties, Defendant Alphas Company is in default with respect to the principal payment of $94,907.40 outstanding to Plaintiff.

[1]Plus accrued interest and attorneys fees.

12. Pursuant to the trust provisions of PACA, 7 U.S.C. §499e(c)(2), and the Code of Federal Regulations promulgated thereunder, upon receipt of said commodities, a statutory trust arose in favor of Plaintiff as to all commodities received by Defendant Alphas Company, all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until full payment is made for said commodities by Defendant Alphas Company to Plaintiff.

13. Defendant Alphas Company has failed and refused to pay for the commodities it ordered, received and accepted from Plaintiff, despite due demand.

14. On each of the outstanding invoices sent by Plaintiff to Defendant Alphas Company, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by a licensee to notify the buyer that a seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust. [7 U.S.C. §499e(c)(4)], plus interest and attorneys fees. (*See,* Statement of Account attached hereto as Exhibit A, and representative unpaid invoice attached hereto as Exhibit B.)

15. Plaintiff is an unpaid creditor, supplier and seller of perishable agricultural commodities as those terms are defined under the PACA.

16. Upon information and belief, Defendant Alphas Company has dissipated and is continuing to dissipate the corpus of the statutory trust which arose in favor of Plaintiff and grew upon each delivery to Defendant of perishable agricultural commodities.

17. The failure of Defendant Alphas Company to hold in trust for the benefit of Plaintiff such perishable agricultural commodities received by it from Plaintiff, and all inventories of food or other products derived from said commodities, and the proceeds from the sale of such

commodities until full payment of the sums owing to Plaintiff for said commodities, constitute violations of PACA and PACA Regulations [7 C.F.R. §46.46] and are unlawful, and, as a direct result Plaintiff has suffered damages.

**<u>COUNT II</u>**

**<u>ALL DEFENDANTS</u>**

**(Dissipation of Trust Assets)**

18. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

19. Upon information and belief, proceeds obtained from the resale of the perishable agricultural commodities purchased on credit from Plaintiff by Defendant Alphas Company, that were needed to make full payment promptly to trust beneficiaries as required by 7 U.S.C. §499b, were improperly expended by Defendant Alphas Company and the Individual Defendants for other purposes.

20. On each of the outstanding invoices sent by Plaintiff to Defendant Alphas Company, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by a licensee to notify the buyer that a seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust. [7 U.S.C. §499e(c)(4)], plus interest and attorneys fees. (See, Exhibit A and Exhibit B attached hereto.)

21. Upon information and belief, Defendants received funds subject to the trust arising under 7 U.S.C. §499e(c), which should have been used to pay Plaintiff's outstanding invoices, but were not.

22. As a direct result of the dissipation of trust assets by Defendant Alphas Company and the Individual Defendants, Plaintiff has suffered damages.

**COUNT III**

**THE ALPHAS COMPANY, INC.**

**(Failure to Pay Trust Funds / Unfair Conduct - 7 U.S.C. §499(b))**

23. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

24. Defendant Alphas Company has failed and refuses to pay Plaintiff $94,907.40 from the PACA trust without reasonable cause, which sum is unpaid and overdue to Plaintiff for the perishable agricultural commodities received and accepted by Defendant Alphas Company from Plaintiff.

25. The failure of Defendant Alphas Company to make full payment promptly to Plaintiff from the statutory trust fund without reasonable cause constitutes "unfair conduct" and is a violation of PACA [7 U.S.C. §499(b)] and PACA Regulations, and, as a direct result, Plaintiff has suffered damages.

**COUNT IV**

**ALL DEFENDANTS**

**(Breach of Fiduciary Duty / Non-Dischargeability)**

26. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

27. Upon information and belief, from April 16, 2010 to May 24, 2010, the Individual Defendants managed, controlled and directed the credit purchase of perishable agricultural commodities from Plaintiff on behalf of Defendant Alphas Company.

28. Upon information and belief, Defendants received, in the regular course of business, funds subject to the PACA statutory trust which were not used for the payment of Plaintiff's outstanding invoices.

29. Upon information and belief, Defendants, in breach of their fiduciary obligations arising under PACA, directed the disbursement of trust funds for purposes other than making full and prompt payment to Plaintiff as required by PACA, 7 U.S.C. §499b(4), thereby heightening liability herein to a state of non-dischargeability pursuant to 11 U.S.C. §523(a).

30. As a direct result of the foregoing, Defendant Alphas Company and the Individual Defendants have violated their fiduciary duties as trustees in failing and refusing to make the payments required to satisfy the priority trust interests of Plaintiff, and, as a direct result, Plaintiff has suffered damages.

## COUNT V

## THE ALPHAS COMPANY, INC.

## (Breach of Contract / Action on Account)

31. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

32. From April 16, 2010 to May 24, 2010, Defendant Alphas Company contracted with Plaintiff to purchase fresh produce on credit. (*See*, Exhibit A and Exhibit B.) Plaintiff complied with all terms of the contract.

33. Pursuant to the payment terms between the parties, Defendant Alphas Company is in default to the Plaintiff on all amounts unpaid and outstanding.

34. Defendant Alphas Company breached the contract by failing and refusing to pay Plaintiff $94,907.40. As a direct result, Plaintiff has suffered damages.

**COUNT VI**

**ALL DEFENDANTS**

**(Interest and Attorney Fees)**

35. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

36. Pursuant to PACA, 7 U.S.C. §499e(c), and the Code of Federal Regulations promulgated thereunder, Defendants were statutorily required to maintain a trust in favor of Plaintiff in order to make full payment to Plaintiff of said amount.

37. As a result of the failure of Defendants to maintain the trust and to make full payment promptly, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to compel payment of the trust *res*.

38. As a result of the failure of Defendants to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, Plaintiff has lost the use of said money.

39. Plaintiff will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Plaintiff must expend part of said payment on attorneys' fees, and litigation costs, and also suffer the loss of interest on the outstanding amounts owed, all because of violations by Defendants of their statutory duties to maintain the trust and make full payment promptly.

40. In addition to the above recitals, Plaintiff maintains express claims for interest and attorneys' fees based upon the "Terms and Conditions" listed on each invoice, as between merchants, which were all bargained terms of the contract and are sums owing in connection with the produce transaction pursuant to 7 U.S.C. §499(e)(c).

**COUNT VII**

**ALL DEFENDANTS**

**(Creation of Common Fund)**

41. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

42. Plaintiff is commencing this lawsuit on behalf of itself and other similarly situated PACA trust creditors, and any and all monies recovered from Defendants and other third parties will be distributed on a pro-rata basis amongst the Plaintiff and all perfected PACA trust creditors properly joined as parties to this lawsuit.

**WHEREFORE**, Plaintiff Adam Bros. Produce Sales, Inc. respectfully prays that this Court issue an Order:

a. granting non-dischargeable judgment in favor of Plaintiff and against Defendant The Alphas Company, Inc., Peter S. Alphas, and John S. Alphas, jointly and severally, in the principal amount of $94,907.40, together with pre- and post-judgment interest and the costs of this action;

b. declaring and directing Defendants to establish and/or preserve a trust fund consisting of funds sufficient to pay Plaintiff's principal trust claim of $94,907.40 plus interest;

c. enjoining, until the entry of the relief herein requested and compliance therewith, Defendants and their agents, employees and representatives from in any way, directly or indirectly, transferring, assigning or otherwise disposing of the above-described trust fund, or any interest therein, in whole or in part, absolutely or as security;

d. declaring and directing Defendants to assign, transfer, deliver and turn over to Plaintiff as much of the above-described trust fund as is necessary to fully compensate Plaintiff for the damages it has suffered and continues to suffer;

e. granting Plaintiff reasonable costs and expenses, including attorneys' fees in this action, and such other relief, whether in law or in equity, as this Court deems just and proper.

Respectfully submitted,

*_/s/ Scott W. Kramer_*
SCOTT W. KRAMER
BBO #567365
20 Milton Street, Unit 105
Dedham, MA 02026-2915
(781) 762-1460 - telephone
(781) 329-4441 - facsimile
atty@scottkramerlaw.com

and

*_/s/ Mark A. Amendola_*
MARK A. AMENDOLA
Ohio Bar I.D. No. 0042645
MARTYN AND ASSOCIATES
820 Superior Avenue, N.W.
Tenth Floor
Cleveland, Ohio 44113
(216) 861-4700 - telephone
(216) 861-4703 - facsimile
mamendola@martynlawfirm.com

Attorneys for Plaintiff Adam Bros. Produce Sales, Inc.